**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| JOSEPH MICHAEL DEVON ENGEL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:20-cv-01918-HEA |
| | ) | |
| ERDCC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter comes before the Court on the motion of plaintiff Joseph Michael Devon Engel for leave to commence this civil action without prepayment of the required filing fee.[1] Having reviewed the motion and the financial information submitted in support, the Court has determined that plaintiff lacks sufficient funds to pay the entire filing fee, and will assess an initial partial filing fee of $5.64. *See* 28 U.S.C. § 1915(b)(1). Additionally, for the reasons discussed below, the Court will dismiss plaintiff's complaint without prejudice.

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly

---

[1] Plaintiff has not submitted a separate motion for leave to proceed in forma pauperis, nor has he paid the filing fee. However, in the body of his complaint, plaintiff writes: "Application to proceed in District Court without prepaying fees [or] cost[s]." (Docket No. 1 at 1). The Court has construed this as a motion for leave to commence this civil action without prepayment of the required filing fee.

payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id*.

In support of his motion for leave to proceed in forma pauperis, plaintiff submitted a copy of his certified inmate account statement. (Docket No. 2). The account statement shows an average monthly deposit of $28.21. The Court will therefore assess an initial partial filing fee of $5.64, which is 20 percent of plaintiff's average monthly deposit.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff is a self-represented litigant who is currently incarcerated at the Missouri Eastern Correctional Center in Pacific, Missouri. At the time relevant to this complaint, however, he was an inmate at the Eastern Reception, Diagnostic and Correctional Center (ERDCC) in Bonne Terre.[2] Since September 9, 2020, he has filed over 130 cases in the United States District Court for the Eastern District of Missouri.

---

[2] In his handwritten complaint, plaintiff appears to indicate that he is a "civilly committed detainee." (Docket No. 1 at 1). However, plaintiff has also provided his prison registration number, an inmate account statement, and has acknowledged that he is being held at a state correctional facility. Moreover, review of the Missouri Department of Correction's online records show that plaintiff is a convicted state prisoner serving a ten-year sentence for, among other things, second-degree burglary. Therefore, the Court has determined that plaintiff is actually a convicted and sentenced state prisoner, and not a civilly committed detainee, for purposes of 28 U.S.C. § 1915 review.

Plaintiff brings the instant action pursuant to 42 U.S.C. § 1983. His complaint is handwritten and not on a Court form. In the complaint, plaintiff names forty-eight defendants,[3] most identified only by job title or institution: (1) CO1; (2) CO2; (3) Sergeant; (4) Lieutenant; (5) Corporal; (6) Captain; (7) Major; (8) Caseworker #1; (9) Caseworker #2; (10) Functional Unit Manager; (11) Corrections Classification Assistant; (12) Institutional Parole Officer ERDCC; (13) Institutional Parole Officer ERDCC Supervisor; (14) Probation and Parole; (15) Probation and Parole Director; (16) Probation and Parole Assistant Director; (17) Assistant Superintendent; (18) Superintendent; (19) Assistant Warden; (20) Warden; (21) Missouri Department of Corrections (MODOC); (22) ERDCC; (23) MODOC Director; (24) MODOC Assistant Director; (25) Assistant Attorney General; (26) Attorney General; (27) Lieutenant Governor; (28) Governor; (29) Senator MO #1; (30) Senator MO #2; (31) House Rep MO; (32) Corizon Healthcare; (33) Corizon Assistant Director; (34) Corizon Director; (35) Corizon MODOC ERDCC Director; (36) Corizon MODOC Assistant Director; (37) Corizon Assistant Superintendent; (38) Corizon Superintendent; (39) Corizon NR Ferguson; (40) Corizon Dr. Moody; (41) Corizon Registered Nurses; (42) Corizon Licensed Nurse Practitioners; (43) Corizon Med Tecs; (44) MODOC Medical Services; (45) CO1 Coklin; (46) CO1 Griffith; (47) CO1 Bing; and (48) Sergeant Kennon. (Docket No. 1 at 2). Defendants are sued in their official and individual capacities. (Docket No. 1 at 1).

With regard to his claim, plaintiff asserts that he is bringing this action because his "medical needs [are] being refused by Corizon staff at ERDCC." (Docket No. 1 at 2). He also states that there is something "wrong with [his] insides," which feel like they are "on fire," and that "they got [him] on the top bunk." Plaintiff notes that he is experiencing uncontrollable shakes, "the runs,"

---

[3] In the case caption, plaintiff indicates that he is suing "44 Defendants on front page." The so-called "front page" then lists the forty-four defendants. The Court notes, however, that in addition to the forty-four defendants, plaintiff also mentions four separate correctional officers by name in his "Statement of Claim." The Court will treat these four officers as additional defendants, for a total of forty-eight.

and hot and cold flashes. He alleges that CO1 Coklin, CO1 Griffith, CO1 Bing, and Sergeant Kennon "all know," though he does not elaborate on what he means.

As a result of this purported refusal of treatment, plaintiff states he has suffered "health problems." (Docket No. 1 at 1). He is seeking astronomical sums of damages, totaling many hundreds of trillions of dollars. (Docket No. 1 at 2).

## Discussion

Plaintiff is a self-represented litigant who brings this civil action pursuant to 42 U.S.C. § 1983, accusing forty-eight separate defendants of deliberate indifference to his medical needs, in violation of the Eighth Amendment. Because plaintiff is proceeding in forma pauperis, the Court reviewed his complaint under 28 U.S.C. § 1915. Based on that review, and for the reasons discussed below, the Court will dismiss this action without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B).

### A.  MODOC, MODOC Medical Services, and the ERDCC

Plaintiff has named MODOC, MODOC Medical Services, and the ERDCC as defendants. MODOC is a department of the State of Missouri, MODOC Medical Services is apparently a unit of the Department of Corrections, and the ERDCC is a state correctional facility. Thus, the claims against these defendants are treated the same as claims against the State of Missouri itself. The claims fail for two reasons. First, the State of Missouri is not a "person" for purposes of 42 U.S.C. § 1983. Second, the State of Missouri is protected by the doctrine of sovereign immunity.

### i.      State is Not a 42 U.S.C. § 1983 "Person"

"Section 1983 provides for an action against a 'person' for a violation, under color of law, of another's civil rights." *McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008). *See also Deretich v. Office of Admin. Hearings*, 798 F.2d 1147, 1154 (8th Cir. 1986) (stating that "[§] 1983 provides

a cause of action against persons only"). However, "neither a State nor its officials acting in their official capacity are 'persons' under § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). *See also Calzone v. Hawley*, 866 F.3d 866, 872 (8th Cir. 2017) (asserting that a "State is not a person under § 1983"); and *Kruger v. Nebraska*, 820 F.3d 295, 301 (8th Cir. 2016) (explaining that "a state is not a person for purposes of a claim for money damages under § 1983").

Here, as noted above, plaintiff has sued MODOC, MODOC Medical Services, and the ERDCC. These claims are treated as being made against the State of Missouri. However, a state is not a "person" for purposes of a 42 U.S.C. § 1983 claim for money damages, which is what plaintiff is seeking. Because plaintiff is missing an essential element of a § 1983 action, these three claims must be dismissed.

### ii.     Sovereign Immunity

"Sovereign immunity is the privilege of the sovereign not to be sued without its consent." *Va. Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 253 (2011). The Eleventh Amendment has been held to confer sovereign immunity on an un-consenting state from lawsuits brought in federal court by a state's own citizens or the citizens of another state. *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974). *See also Webb v. City of Maplewood*, 889 F.3d 483, 485 (8th Cir. 2018) ("The Eleventh Amendment protects States and their arms and instrumentalities from suit in federal court"); *Dover Elevator Co. v. Ark. State Univ.*, 64 F.3d 442, 446 (8th Cir. 1995) ("The Eleventh Amendment bars private parties from suing a state in federal court"); and *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 618-19 (8th Cir. 1995) ("Generally, in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment"). The Eleventh Amendment bars suit against a state or its agencies for any kind of relief, not merely monetary damages. *Monroe v. Arkansas State Univ.*, 495 F.3d 591,

594 (8th Cir. 2007) (explaining that district court erred in allowing plaintiff to proceed against state university for injunctive relief, and remanding matter to district court for dismissal).

There are two "well-established exceptions" to the sovereign immunity provided by the Eleventh Amendment. *Barnes v. State of Missouri*, 960 F.2d 63, 64 (8th Cir. 1992). "The first exception to Eleventh Amendment immunity is where Congress has statutorily abrogated such immunity by clear and unmistakable language." *Id*. The second exception is when a state waives its immunity to suit in federal court. *Id*. at 65. A state will be found to have waived its immunity "only where stated by the most express language or by such overwhelming implications from the text as will leave no room for any other reasonable construction." *Welch v. Tex. Dep't of Highways & Pub. Transp.*, 483 U.S. 468, 473 (1987). Neither exception is applicable in this case.

The first exception does not apply, because the Supreme Court has determined that § 1983 does not revoke a state's Eleventh Amendment immunity from suit in federal court. *See Will*, 491 U.S. at 66 ("We cannot conclude that § 1983 was intended to disregard the well-established immunity of a State from being sued without its consent"); and *Quern v. Jordan*, 440 U.S. 332, 341 (1979) ("[W]e simply are unwilling to believe…that Congress intended by the general language of § 1983 to override the traditional sovereign immunity of the States"). The second exception is also inapplicable, because the State of Missouri has not waived its sovereign immunity in this type of case. *See* Mo. Rev. Stat. 537.600 (explaining that sovereign immunity is in effect, and providing exceptions).

In this case, plaintiff has named MODOC, MODOC Medical Services, and the ERDCC as defendants. The claims against these defendants are treated as claims against the State of Missouri itself. As noted above, however, the Eleventh Amendment bars suit against a state or its agencies for both monetary and injunctive relief. Furthermore, no exceptions to sovereign immunity are

present in this action. Therefore, for this reason as well, plaintiff's claims against these three defendants must be dismissed.

**B.  Missouri Board of Probation and Parole**

Plaintiff appears to be suing the Missouri Board of Probation and Parole, which he refers to as "P&P." He has not, however, presented any factual allegations against the Board. Furthermore, even if he had, the members of the Board "are absolutely immune from suit when considering and deciding parole questions." *See Figg v. Russell*, 433 F.3d 593, 598 (8th Cir. 2006). Therefore, this claim must be dismissed.

**C.  State of Missouri Employees**

Plaintiff has named as defendants a total of twenty-nine individuals who are employed by the State of Missouri. This number includes nineteen unnamed persons who appear to work for MODOC; four named individuals who appear to work for MODOC; the Director and Assistant Director of Probation and Parole; and four state officials. These defendants are sued in both their official and individual capacities.

**i.     Official Capacity Claims**

In an official capacity claim against an individual, the claim is actually "against the governmental entity itself." *See White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017). Thus, a "suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). *See also Brewington v. Keener*, 902 F.3d 796, 800 (8th Cir. 2018) (explaining that official capacity suit against sheriff and his deputy "must be treated as a suit against the County"); *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016) (stating that a "plaintiff who sues public employees in their official, rather than individual, capacities sues only the public employer"); and

*Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006) (stating that a "suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent"). As such, the official capacity claims against the State of Missouri employees are actually treated as claims against the State of Missouri, which employs them.

The official capacity claims against the State of Missouri employees fail for two reasons. First, as noted above, plaintiff cannot bring a claim for damages against the State of Missouri under 42 U.S.C. § 1983, because the state is not a § 1983 "person." *See Will*, 491 U.S. at 71 (asserting that "neither a State nor its officials acting in their official capacity are 'persons' under § 1983"). Furthermore, "[a] claim for damages against a state employee in his official capacity is barred under the Eleventh Amendment." *See Andrus ex rel. Andrus v. Arkansas*, 197 F.3d 953, 955 (8th Cir. 1999). Since plaintiff is seeking damages, rather than prospective injunctive relief, sovereign immunity bars his claims. For these reasons, plaintiff's official capacity claims against the State of Missouri employees must be dismissed.

## ii.   Individual Capacity Claims Against Unnamed Persons

Liability in a 42 U.S.C. § 1983 case is personal. *Frederick v. Motsinger*, 873 F.3d 641, 646 (8th Cir. 2017). In other words, "[g]overnment officials are personally liable only for their own misconduct." *S.M. v. Krigbaum*, 808 F.3d 335, 340 (8th Cir. 2015). As such, § 1983 liability "requires a causal link to, and direct responsibility for, the deprivation of rights." *Mayorga v. Missouri*, 442 F.3d 1128, 1132 (8th Cir. 2006) (quoting *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990)). *See also Kohl v. Casson*, 5 F.3d 1141, 1149 (8th Cir. 1993) (dismissing plaintiff's excessive bail claims because none of the defendants set plaintiff's bail, and therefore, "there can be no causal connection between any action on the part of the defendants and any alleged

deprivation" of plaintiff's rights). To that end, a plaintiff must allege facts connecting the defendant to the challenged action. *See Bitzan v. Bartruff*, 916 F.3d 716, 717 (8th Cir. 2019).

Here, plaintiff has made no effort to connect the twenty-five unnamed State of Missouri employees with any action or inaction violating his constitutional rights. To the contrary, there are no allegations against these specific defendants whatsoever. Rather, each of these unnamed defendants is merely listed in the complaint, alongside an enormous sum of damages. For example, plaintiff seeks $10 billion from CO1, and $8 trillion from the Warden, without presenting a single fact as to what either did or did not do to harm him. This holds true for the remaining unnamed State of Missouri employee defendants as well. None of them are alleged to have taken any inappropriate action, and none of them are alleged to have failed to act.

The only place in the complaint where these particular individuals appear is where they are named as defendants. Simply naming a person as a defendant is not sufficient to assert their responsibility. *See Allen v. Purkett*, 5 F.3d 1151, 1153 (8th Cir. 1993) (agreeing with district court dismissal of two defendants who were identified as defendants in the complaint, but who had no factual allegations made against them); and *Krych v. Hvass*, 83 Fed. Appx. 854, 855 (8th Cir. 2003) (agreeing with district court dismissal of defendants who were merely listed in his complaint, and who were not alleged to have been personally involved in the constitutional violations). For these reasons, the individual capacity claims against the twenty-five unnamed State of Missouri employees must be dismissed.

### iii.    Individual Capacity Claims Against Four Named Correctional Officers

Plaintiff's individual capacity claims against the four named correctional officers must also be dismissed. Under the Eighth Amendment, the government has an obligation to provide medical care to those whom it is punishing by incarceration. *Estelle v. Gamble*, 429 U.S. 97, 103 (1976).

To demonstrate constitutionally inadequate medical care, the inmate must show that a prison official's conduct amounted to deliberate indifference. *Dulany v. Carnahan*, 132 F.3d 1234, 1237-38 (8th Cir. 1997).

In order to establish deliberate indifference, a plaintiff must prove that he suffered from an objectively serious medical need, and that prison officials actually knew of and disregarded that need. *Roberts v. Kopel*, 917 F.3d 1039, 1042 (8th Cir. 2019). *See also Hamner v. Burls*, 937 F.3d 1171, 1177 (8th Cir. 2019). "A serious medical need is one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Coleman v. Rahija*, 114 F.3d 778, 784 (8th Cir. 1997). Deliberate indifference can include the intentional denial or delay of access to medical care, or the intentional interference with treatment or prescribed medication. *Vaughn v. Lacey*, 49 F.3d 1344, 1346 (8th Cir. 1995).

To prevail under this standard, an inmate must demonstrate that a prison health care provider's actions were "so inappropriate as to evidence intentional maltreatment or a refusal to provide essential care." *Jackson v. Buckman*, 756 F.3d 1060, 1066 (8th Cir. 2014). As such, "deliberate indifference requires a highly culpable state of mind approaching actual intent." *Kulkay v. Roy*, 847 F.3d 637, 643 (8th Cir. 2017). Thus, a showing of deliberate indifference requires more than a mere disagreement with treatment decisions and is greater than gross negligence. *Gibson v. Weber*, 433 F.3d 642, 646 (8th Cir. 2006).

Here, plaintiff alleges that CO1 Coklin, CO1 Griffith, CO1 Bing, and Sergeant Kennon "all know." Though he is not clear on this point, it appears that he is referring to knowledge about his medical issues. This is insufficient to demonstrate that these four defendants were deliberately indifferent to plaintiff's medical needs.

As noted above, to establish deliberate indifference, plaintiff must demonstrate that a prison official's actions were "so inappropriate as to evidence intentional maltreatment or a refusal to provide essential care." *See Jackson*, 756 F.3d at 1066. Plaintiff's vague and truncated allegations do not describe *any* actions on the part of these four defendants, much less anything that could be construed as intentional maltreatment or a refusal to provide care. For example, plaintiff presents no facts showing that these defendants delayed plaintiff from seeking medical care, prevented plaintiff from seeking medical care, or interfered with plaintiff's treatment in any way. Therefore, the individual capacity claims against CO1 Coklin, CO1 Griffith, CO1 Bing, and Sergeant Kennon must be dismissed.

### D. Corizon

"A corporation acting under color of state law cannot be liable on a respondeat superior theory." *Smith v. Insley's Inc.*, 499 F.3d 875, 880 (8th Cir. 2007). Rather, to support a claim against such a corporation, the plaintiff "must show that there was a policy, custom, or official action that inflicted an actionable injury." *Johnson v. Hamilton*, 452 F.3d 967, 973 (8th Cir. 2006). *See also Sanders v. Sears, Roebuck & Co.*, 984 F.2d 972, 975 (8th Cir. 1993) (stating that a corporation acting under color of state law will only be held liable where "there is a policy, custom or action by those who represent official policy that inflicts injury actionable under § 1983"); and *Stearns v. Inmate Services Corp.*, 957 F.3d 902, 906 (8th Cir. 2020) (explaining that the "proper test" for determining whether a corporation acting under color of state law is liable under 42 U.S.C. § 1983 "is whether there is a policy, custom, or action by those who represent…official policy that inflicts injury actionable under § 1983").

In this case, plaintiff asserts that he has something "wrong with [his] insides," which feel like they are "on fire." He also states he has "the runs," uncontrollable shakes, and hot and cold

flashes. Even assuming that these symptoms constitute an objectively serious medical need, plaintiff has not demonstrated that Corizon is liable to him for violating his constitutional rights by failing to treat him.

To begin, plaintiff's claim that his "medical needs [are] being refused by Corizon staff at ERDCC" is too ambiguous to provide any indication as to what actually occurred. For example, it is impossible to know whether plaintiff is alleging that he was entirely denied medical care, that medical care was delayed, or that he believes the medical care he received was deficient. Aside from this brief and imprecise statement, plaintiff provides no further factual allegations to describe what he means, or to support his conclusory assertion. Instead, he leaves it to the Court to speculate, which is not sufficient to state a claim. *See Torti v. Hoag*, 868 F.3d 666, 671 (8th Cir. 2017) ("Courts are not bound to accept as true a legal conclusion couched as a factual allegation, and factual allegations must be enough to raise a right to relief above the speculative level").

More importantly, plaintiff's facts, such as they are, do not establish Corizon's liability. Aside from his conclusion that he has been "refused" his "medical needs," there is no other mention of Corizon in the complaint. Certainly, there are no facts identifying any Corizon policy, custom, or official action, much less that a policy, custom, or official action caused him an injury. Furthermore, to the extent that plaintiff seeks to hold Corizon responsible for the actions of its employees, he cannot recover under a theory of respondeat superior. For these reasons, plaintiff has failed to state a claim against Corizon. Therefore, the claim must be dismissed.

### E.  Corizon Employees

Plaintiff has listed eleven separate Corizon employees as defendants. Two of these defendants are named, while the balance are identified by job title only. These eleven defendants are sued in both their official and individual capacities.

13

i.     **Official Capacity Claims**

As noted above, a "suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson*, 172 F.3d at 535. Thus, a suit against the Corizon defendants in their official capacities is actually a suit against Corizon itself, their employer. However, as previously explained, plaintiff has failed to state a claim against Corizon, because he has not established that he suffered an injury due to a Corizon policy, custom, or official action. *See Stearns*, 957 F.3d at 906 (explaining that the "proper test" for determining whether a corporation acting under color of state law is liable under 42 U.S.C. § 1983 "is whether there is a policy, custom, or action by those who represent…official policy that inflicts injury actionable under § 1983"). Therefore, the official capacity claims against the Corizon employees must be dismissed.

ii.    **Individual Capacity Claims**

In order to assert liability against the Corizon employees in their individual capacities, plaintiff must  establish "a causal link to, and direct responsibility for, the deprivation of rights." *Mayorga*, 442 F.3d at 1132. As with the State of Missouri employees, however, plaintiff has presented no factual allegations concerning these defendants. Instead, he has merely listed them alongside the amount of money he wants from each. For example, plaintiff identifies Dr. Moody as a defendant, and seeks $1,400 trillion in damages. Dr. Moody is not mentioned in the "Statement of Claim" or anywhere else. This holds true for the remaining Corizon employees as well. Simply placing a defendant's name in the case caption, or listing someone as a defendant, is not enough to assert their responsibility. *See Allen*, 5 F.3d at 1153 (agreeing with district court dismissal of two defendants who were named as defendants in the complaint, but who had no factual allegations made against them); and *Krych*, 83 Fed. Appx. at 855 (agreeing with district court dismissal of

defendants who were merely listed in the complaint, and who were not alleged to have been personally involved in the constitutional violations). Therefore, the individual capacity claims against the Corizon employees must be dismissed.

## F. United States Elected Officials

Plaintiff has listed an unnamed member of the House of Representatives, and two Senators as defendants. The Court has construed these claims as being made against United States elected officials. These three defendants are sued in both their official and individual capacities.

### i.      Official Capacity Claims

A suit against a governmental officer in his official capacity is a suit against the entity for which the officer is an agent. *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985). A U.S. Senator or a Member of the House of Representatives is an agent of the United States. *See Burke v. Allard*, 2007 WL 2697598, at *3 (D. Colo. 2007) (explaining that "defendant, a member of the United States Senate, is an agent of the United States"). As such, plaintiff's official capacity claims against these defendants are actually claims against the United States itself.

"Generally, sovereign immunity prevents the United States from being sued without its consent." *Iverson v. United States*, 973 F.3d 843, 846 (8th Cir. 2020). *See also Hinsley v. Standing Rock Child Protective Services*, 516 F.3d 668, 671 (8th Cir. 2008) (stating that "[i]t is well settled that the United States may not be sued without its consent"). Thus, in order to sue the United States, a plaintiff must show a waiver of sovereign immunity. *See V S Ltd. Partnership v. Dep't of Housing and Urban Development*, 235 F.3d 1109, 1112 (8th Cir. 2000). Such a waiver must be "unequivocally expressed" and "cannot be implied." *See United States v. King*, 395 U.S. 1, 4 (1969). *See also College Sav. Bank v. Florida Prepaid Postsecondary Educ. Expense Bd.*, 527

15

U.S. 666, 682 (1999) (stating that "in the context of federal sovereign immunity…it is well established that waivers are not implied").

Here, plaintiff has not demonstrated a waiver of the sovereign immunity of the United States. He brings this action pursuant to 42 U.S.C. § 1983. However, § 1983 does not waive the United States' sovereign immunity. *See Walker v. Harmon*, 2016 WL 5376185, at *3 (D. S.D. 2016) (citing *Affiliated Professional Home Health Care Agency v. Shalala*, 164 F.3d 282, 286 (5th Cir. 1999)). Aside from § 1983, plaintiff provides no other basis for such a waiver. Therefore, plaintiff's official capacity claims against the unnamed Member of the House of Representatives and the two Senators must be dismissed.

### ii.       Individual Capacity Claims

As noted above, 42 U.S.C. § 1983 liability "requires a causal link to, and direct responsibility for, the deprivation of rights." *Mayorga*, 442 F.3d at 1132. Here, plaintiff has made no attempt to demonstrate any linkage between an action or inaction on the part of any of these three defendants, and the purported violation of his right to medical care under the Eighth Amendment. Not only has plaintiff failed to present any factual allegations, it is difficult to imagine what personal responsibility a member of the House of Representatives and two Senators could have with regard to plaintiff's healthcare while incarcerated in a state prison. Therefore, the individual capacity claims against these three defendants must be dismissed.

### G. Motion to Appoint Counsel

In the body of his complaint, plaintiff moves for the appointment of counsel. (Docket No. 1 at 1). The motion will be denied as moot as this action is being dismissed without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial partial filing fee of $5.64 within twenty-one (21) days of the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

Dated this 20th day of May, 2021.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE